IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATISHA WINBUSH, | ) | |
| | ) | Civil Action No. 2:20-CV-806 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADAPTIVE BEHAVIORAL | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

CONTI, Senior District Judge.

**I.      Introduction**

Pending before the court are a motion for reconsideration (ECF No. 15) and motion to

reopen case and remand to state court (ECF No. 16) filed by plaintiff Natisha Winbush

("Winbush"). Winbush originally filed this case in this court alleging her former employer,

defendant Adaptive Behavioral Services ("Adaptive Behavioral"), among other things,

terminated her employment and retaliated against her because of her high-risk pregnancy, in

violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*,

the Family and Medical Leave Act of 1993, ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the

Pennsylvania Human Relations Act ("PHRA"), 43 PA. CONS. STAT. § 951, *et seq*. Adaptive

Behavioral filed a motion to dismiss this case arguing that Winbush did not and could not

plausibly allege that it is an "employer" covered by the Title VII or the FMLA. (ECF Nos. 8, 9.)

Winbush did not respond to the motion to dismiss; rather, she filed her own motion to dismiss

this case with prejudice (ECF No. 12), which the court granted and dismissed this case with prejudice (ECF No. 13).

Thereafter, Winbush filed two errata attempting to correct the motion to dismiss with prejudice and to seek a dismissal *without* prejudice. (ECF No. 14, 15.) At that time, however, this court had already ruled on Winbush's motion to dismiss with prejudice and dismissed this case with prejudice. The errata are still pending on the court's docket. Under those circumstances, the court will construe Winbush's second erratum, which mooted out the first erratum, as a Federal Rule of Civil Procedure 60(b)(1) motion for reconsideration of this court's order dismissing this case with prejudice. The court finds that Winbush's counsel mistakenly requested the dismissal of this entire case with prejudice, and, if this court does not vacate its order dismissing this case with prejudice, Winbush likely will be prevented from trying the remaining state-law claim in this case on the merits. Thus, the motion for reconsideration will be granted, the order dismissing this case with prejudice will be vacated, and the court will enter an order dismissing the federal claims with prejudice and the state law claim *without* prejudice. Winbush's motion to reopen and remand, however, will be denied because this case was not removed from the Allegheny County Court of Common Pleas, and, therefore, this case cannot be remanded to state court.

## II.      Procedural History

On June 2, 2020, Winbush initiated this action against Adaptive Behavioral Services under Title VII, the FMLA, and the PHRA. (ECF No. 1.) On September 4, 2020, Adaptive Behavioral Services filed a motion to dismiss in which it argued that dismissal of this action was proper because Winbush did not and could not plausibly alleged that it had the requisite number of employees to be considered an "employer" under Title VII or the FMLA. (ECF Nos. 8, 9.) Winbush did not respond to that motion; rather, on September 22, 2020, she filed a motion to

dismiss this case with prejudice. (ECF No. 12.) On September 25, 2020, the court granted the

motion and dismissed this case with prejudice. (ECF No. 13.)

On September 30, 2020, Winbush filed a document she called an erratum in an effort to

correct her first motion to dismiss. (ECF No. 14.) In the first erratum, Winbush in the first

paragraph seeks a dismissal without prejudice, but in the "WHEREFORE" clause of the motion

requests dismissal with prejudice. (Id.) The proposed order attached to the motion seeks

dismissal without prejudice. (ECF No. 14-1.) On October 7, 2020, Winbush filed a second

erratum correcting the "WHEREFORE" clause of the motion, i.e., in the second erratum

Winbush requests only dismissal without prejudice. (ECF No. 15.)

On October 7, 2020, Winbush filed the motion to reopen case and remand to state court.

(ECF No. 16.) Notably, Adaptive Behavioral did not oppose Winbush's motion to dismiss, the

errata, or the pending motion to reopen and remand to state court.

### III.    Discussion

#### A.  Second Erratum Construed as a Motion for Reconsideration

This court ruled on Winbush's motion to dismiss with prejudice before Winbush filed the

first and second errata. As a preliminary matter, the court finds that the second erratum moots the

first erratum. The second erratum will be construed as a motion for reconsideration of the court's

order dismissing this case with prejudice. Federal Rule of Civil Procedure 60(b) governs motions

for reconsideration of final judgments, orders, and proceedings. Here, the order dismissing this

action with prejudice resolved all Winbush's claims against Adaptive Behavioral, and, therefore,

was a final order. State Nat'l Ins. Co. v. Cty. of Camden, 824 F.3d 399, 408 n.31 (3d Cir. 2016)

("[A] voluntary dismissal with prejudice constitutes a final order").

Rule 60(b)(1) provides, in pertinent part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for…reasons[, including] mistake…." FED. R. CIV. P. 60(b). Relief under Rule 60(b)(1) has been granted liberally in a variety of situations in which a party is "deprived of the opportunity to present the merits of the claim because of a technical error or slight mistake by the party's attorney." 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MAY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2858 (2d ed.1995).

Based upon the filing of the first and second errata after the court dismissed this case with prejudice, the court finds that Winbush's counsel made a mistake when he requested dismissal of this entire case with prejudice. It is noteworthy that Winbush did not—and does not—contest the dismissal of the federal claims. If the court fails to reconsider its order dismissing this case with prejudice, Winbush likely would be prohibited from seeking relief on her state law claim in any court. Under those circumstances, reconsideration of the court's order is appropriate. The court will vacate the order dismissing this case with prejudice and will enter an order dismissing the federal claims with prejudice and the state law claim *without prejudice* as requested by Winbush in the second erratum.

**2. Motion to Reopen and Remand to State Court**

Winbush asks this court to reopen this case and remand it to the Allegheny County Court of Common Pleas. Reopening this case for that purpose, however, would be futile because remand to state court is appropriate only when a case has been removed to federal court from state court. Merriweather ex rel. Walker v. City of Philadelphia, No. CIV.A. 07-1005, 2007 WL 1463304, at *5 (E.D. Pa. May 17, 2007) ("[A]s a matter of law this Court cannot "remand" this case because it was not removed from state court[.]") (citing In re Orthopedic "Bone Screw"

4

Prod. Liab. Litig., 132 F.3d 152, 155 (3d Cir.1997) ("If a case, over which the court lacks subject matter jurisdiction, was originally filed in federal court, it must be dismissed. If it was removed from state court, it must be remanded."); Balazik v. County of Dauphin, 44 F.3d 209, 217 n. 10 (3d Cir.1995) ("[O]nly removed cases may be remanded."). Here, Winbush filed this case in this court. Remand, therefore, is not appropriate or warranted. The motion to reopen and remand, therefore, will be denied.

**IV.      Conclusion**

The first erratum will be denied as moot. (ECF No. 14.) The motion for reconsideration, i.e., the second erratum, will be granted. (ECF No. 15.) The order dismissing this case with prejudice will be vacated. (ECF No. 13.) The court will enter an order dismissing the federal claims with prejudice and the state law claim without prejudice. Because Winbush filed this case in federal court, remand is not an available remedy. Thus, the motion to reopen and remand to state court will be denied with prejudice. (ECF No. 16.) An appropriate order will be entered.

BY THE COURT,

Dated: May 6, 2021

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge